UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| SHAUN D. BERRY ) | |
| ) | |
| v. ) | NO. 2:07-CV-63 |
| ) | |
| UNICOI COUNTY DETENTION CTR. ) | |
| c/o GEORGE BERRY; UNICOI ) | |
| COUNTY SHERIFF'S DEPT. c/o ) | |
| DAVID "KENT" HARRIS ) | |

## **MEMORANDUM and ORDER**

Shaun D. Berry, a prisoner confined in the Unicoi County Detention Center has filed a *pro se* civil rights complaint for injunctive and monetary relief under 42 U.S.C. § 1983; an application to proceed *in forma pauperis*; and an affidavit. The latter document reflects that plaintiff lacks sufficient financial resources to submit the entire filing fee of $350.00. *See* 28 U.S.C. § 1914(a). Nonetheless, because plaintiff is a prisoner, he is **ASSESSED** the civil filing fee, which shall be paid on an installment basis. 28 U.S.C. § 1915; *McGore v. Wrigglesworth*, 114 F.3d 601, 607 (6th Cir. 1997). Accordingly, the custodian of plaintiff's inmate trust account at the institution where he now resides shall submit, as an initial partial payment, whichever is the greater of:

(a) twenty percent (20%) of the average monthly deposits to plaintiff's' inmate trust account;

or

(b) twenty percent (20%) of the average monthly balance in his inmate trust account for the six-month period preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1)(A) and (B).

Thereafter, the custodian shall submit twenty percent (20%) of plaintiff's preceding monthly income (or income credited to his trust account for the preceding month), but only when such monthly income exceeds $10.00, until the full filing fee of $350.00 has been paid to the Clerk of Court.[1] 28 U.S.C. § 1915(b)(2).

The Clerk is **DIRECTED** to mail a copy of this order to the custodian of inmate trust accounts wherein plaintiff is confined to ensure compliance with the fee assessment and collection procedures outlined above.

## I. **Plaintiff's Allegations**

In the "Statement of Claim" section of his complaint form, plaintiff has stapled a handwritten and signed piece of lined paper setting forth three claims, the first of which is that he has been denied outdoor exercise. More specifically, plaintiff claims

---

[1] Payments should be mailed to: Clerk's Office, USDC
220 West Depot Street, Ste. 200
Greeneville, TN 37743.

that the jail staff has taken inmates outside for fresh air and exercise three times, for about one hour each time, during the whole period of his incarceration (15 out of the past 16 months). Plaintiff does not identify the individual(s) who denied the inmates exercise.

His second claim is that he has not been allowed to attend any church services, although the rest of the inmate population at the jail, including inmates charged with sexual offenses, has been permitted to attend. Plaintiff does not identify the individual(s) who denied him attendance at religious services or supply any other details, such as the faith to which he adheres.

His final claim is that he has asked the nurse and other staff members repeatedly for medical treatment for possible carpel tunnel disease. Although he saw the jail doctor some seventeen days after his first request, plaintiff was informed that nothing could be done for him. Plaintiff asked the doctor to furnish him a copy of his medical form, as well as the results, so that plaintiff, in turn, could forward that document to his lawyer. The doctor who saw plaintiff has not been identified.

Plaintiff would have the Court order defendants to have x-Rays taken of his hand, to pay all medical bills which he incurs due to possible carpel tunnel disease, including any surgeries, and to compensate him for pain and suffering.

## II. Screening the Complaint

The Court must now review the complaint to determine whether it states a claim entitling plaintiff to relief or is frivolous or malicious or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2) and § 1915A; *McGore v. Wrigglesworth*, 114 F.3d 601, 607 (6th Cir. 1997). If so, this suit must be dismissed.

## III. Law & Analysis.

A. <u>Standing.</u>

To the extent that his first claim (denial of exercise) involves the assertion of the rights of other inmates, plaintiff lacks standing to advance such claims. A prisoner must assert his own rights, not those of other inmates. *Whimore v. Arkansas*, 495 U.S. 149, 155 (1990) (citations omitted). *See also ACLU v. Nat'l Sec. Agency*, 493 F.3d 644, 659 (6th Cir. 2007) (observing that the standing doctrine "applies to every claim sought to be litigated in federal court").

B. <u>Non-Suable Defendants</u>.

Secondly, plaintiff has charged wrongdoing on the part of two defendants—the Unicoi County Detention Center and the Unicoi County Sheriff's Department. The Detention Center, however, is a building and neither it nor the Unicoi County

4

Sheriff's Department are "persons" who can be sued under § 1983. *Monell v. Department of Social Services*, 436 U.S. 658, 688-90 (1978); *Cage v. Kent County Correctional Facility*, 1997 WL 225647, at *1 (6th Cir. May 1, 1997) (jail is not a suable entity); *Brock v. Warren County, Tenn.*, 713 F.Supp 238 (E.D. Tenn. 1989)(the Sheriff's Department has no legal or corporate existence apart from the county and is not a "person" subject to liability under § 1983). *See also Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994) (same, police department).

C. <u>Supervisory Liability.</u>

Because plaintiff's styling of the party defendants is ambiguous, the Court will deem plaintiff's list of defendants as including Jail Supervisor George Berry and Sheriff David "Kent" Harris. However, this does plaintiff no good because he has made no allegations whatsoever against these defendants. Furthermore, if plaintiff is seeking to impose supervisory liability on these defendants, § 1983 liability must be based on more than respondeat superior, or a defendant's right to control employees. *Taylor v. Michigan Dep't of Corrections,* 69 F.3d 76, 80-81 (6th Cir.1995), *Hays v. Jefferson County, Ky.*, 668 F.2d 869, 874 (6th Cir.1982). Absent some showing that these two defendants authorized, approved, or knowingly acquiesced in the alleged unconstitutional conduct of their employees, plaintiff has failed to state a § 1983 claim against them. *Walton v. City of Southfield*, 995 F.2d 1331, 1340 (6th Cir.1993)*;*

*Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir.), *cert. denied*, 469 U.S. 845 (1984); *Hays*, 668 F.2d at 874.

D. <u>The Claims</u>.

In order to state a claim under 42 U.S.C. § 1983, plaintiff must establish that he was deprived of a federal right by a person acting under color of state law. *Black v. Barberton Citizens Hospital*, 134 F.3d 1265, 1267 (6th Cir. 1998); *O'Brien v. City of Grand Rapids*, 23 F.3d 990, 995 (6th Cir. 1994); *Russo v. City of Cincinnati*, 953 F.2d 1036, 1042 (6th Cir. 1992). As noted, plaintiff does not state who denied him outdoor exercise or participation in church services, nor what part, if any, that the individuals named as defendants played in the alleged violations of his civil rights. Courts no longer have discretion to allow a plaintiff to amend his complaint to avoid dismissal. *See McGore v. Wrigglesworth*, 114 F.3d 601, 612 (6th Cir. 1997); *see also Hawkins v. Morse*, No. 98-2062, 1999 WL 1023780 *1 (6th Cir. Nov. 4, 1999) ("The PLRA requires district courts to screen cases at the moment of filing. The court is not required to allow a plaintiff to amend his complaint in order to avoid a sua sponte dismissal.") (citations omitted). The allegations that plaintiff has been denied exercise and religious rights (Claims 1 and 2) lack the necessary factual foundations to support a claim of a constitutional infringment.

The third claim is controlled by the Eighth Amendment, which is violated when prison authorities are deliberately indifferent to the serious medical needs of inmates under their care. *Estelle v. Gamble*, 429 U.S. 97 (1976). An Eighth Amendment claim is composed of two parts: an objective component, which requires plaintiff to show a "sufficiently serious" deprivation, and a subjective component, which requires a showing of a sufficiently culpable state of mind —one of deliberate indifference. *Farmer v. Brennan*, 511 U.S. 825, 834 and 842 (1994).

Deliberate indifference is illustrated by a prison official who acts or fails to act despite knowledge of a substantial risk of serious harm to an inmate under his care. *Id*. However, where a prisoner receives some medical care and the dispute is over its adequacy, no claim has been stated. *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976). By the same token, no viable Eighth Amendment claim is stated by allegations that a medical condition has been negligently diagnosed or treated, and the mere fact that the victim happens to be a prisoner does not convert it into a constitutional violation. *Estelle*, 429 U.S. at 106.

The Court simply does not see a constitutional violation here because there is no evidence of deliberate indifference. The unidentified nurse, medical staff members, and doctor did not disregard plaintiff's need for medical care: he was seen for his possible carpel tunnel disease. *Farmer*, 511 U.S. at 835-36 (finding that, by

7

taking reasonable measures to abate the harm, a defendant avoids liability, even if the harm is not averted). The fact that plaintiff is dissatisfied with the doctor's conclusion is not a constitutional matter but is, if anything, medical negligence. And finally, absent contentions which would show that "possible" carpel tunnel disease is a serious medical need, plaintiff has also failed to demonstrate the objective component of an Eighth Amendment claim.

## IV. Conclusion.

Accordingly, for all the above reasons, plaintiff's complaint fails to state a claim entitling him to relief and will be **DISMISSED**. Furthermore, the Court will **CERTIFY** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

An appropriate order will enter.

**ENTER**:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE
